**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY BAILEY JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-898 |
| | ) | |
| OFFICER MICHAEL P. WALSH and the | ) | Judge |
| CITY OF CHICAGO, | ) | |
| | ) | Magistrate |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff Larry Bailey Jr, by and through his attorney, Peniel Manigat, with The Manigat Law Group, of counsel, and complaining against Defendants, Officer Walsh and the City of Chicago, states as follows:

**NATURE OF CLAIM**

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of Plaintiff through acts and/or omissions of the defendants committed under color of law. Specifically, the defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION**

2. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

1

## VENUE

3. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

4. Upon belief, individual defendant Officer Walsh resides in the State of Illinois and the Northern District of Illinois.

5. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

6. Plaintiff Larry Bailey Jr., ("Plaintiff") an adult and resident of Cook County.

7. Upon belief, Officer Walsh ("Walsh") was at all times relevant to this action, a resident of Cook County, Illinois, located in the Northern District of Illinois.

8. At all times, herein mentioned Defendant Officer Walsh was employed by the Chicago Police Department and acted under color of state law as an employee or agent of the City of Chicago, Illinois. The individual defendant is sued in his individual capacity

9. Defendant City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois.

## FACTS

10. On the afternoon of October 05, 2015, Larry Bailey Jr., a frail and elderly man, was lawfully present in his normal place of abode, a mobile home, located in the rear of a barbershop at 5455 W. Madison St., Chicago, IL. 60644.

11. Defendant Walsh entered the barbershop searching for a suspect. Defendant Walsh exited the rear of a barbershop onto Plaintiff's mobile home grounds to continue his search.

12. Defendant Walsh lost sight of the suspect. Defendant Walsh rushed into Plaintiff's home to illegally search for the suspect.

13. Plaintiff verbally disputed Defendant Walsh's entrance and search of his home, which was without consent, without a warrant and absent exigent circumstances.

14. When the search turned out to be unfruitful, Defendant Walsh became furious with Plaintiff's complaints about him entering his home and he kicked Plaintiff in his face, slammed him to the ground, and cuffed him.

15. While Plaintiff was on the ground in handcuffs, and not a threat, Defendant Walsh beat him about his person, and subsequently struck him in the face with his knee cap causing bleeding and bruising.

16. Defendant Walsh had no legal justification for his actions.

17. Defendant Walsh effected the arrest in an excessive and indifferent manner.

18. Plaintiff was taken to Loretto Hospital where he was received medical treatment for his injuries.

19. In an effort to cover up his crimes against Plaintiff, Defendant Walsh fabricated police reports stating that Plaintiff had battered him and assaulted him. These fabricated reports were the moving force behind Plaintiff being criminally charged for battery, assault and resisting a peace officer ("criminal charges").

20. These fabricated reports were used against Plaintiff in his subsequent trial.

21. On November 30, 2016, more than one year after the incident, Plaintiff was found not guilty of the underlying criminal charges.

### COUNT I -42 U.S.C. § 1983
### 4TH AMENDMENT- EXCESSIVE FORCE

22. Plaintiff restates and realleges all the statements made in paragraphs 10-21 of the Complaint as though fully stated therein.

23. Defendant Walsh used excessive force against Plaintiff.

24. Defendant Walsh violated Plaintiff's right to be free from unreasonable search and/or seizure when he used excessive force against Plaintiff.

25. As a result of this excessive force, Plaintiffs suffered severe emotional and physical trauma.

WHEREFORE Plaintiff, by and through his attorneys, The Manigat Law Group, requests judgment as follows against defendants, OFFICER WALSH OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO on each and every claim:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum $100,000.

    B. That defendants be required to pay plaintiff special damages,

    C. That defendant, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D. That defendant, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

  F.  That plaintiff be granted such other and further relief as this Court may deem just and proper.

## COUNT II – 42 U.S.C. § 1983
## 4TH AMENDMENT – ILLEGAL ENTRY

26. Plaintiff restates and realleges all the statements made in paragraphs 10-21 of this complaint as though fully set forth herein.

27. Defendant Walsh entered the Plaintiff's home without consent, without a warrant and absent exigent circumstances.

28. Defendant Walsh unreasonably seized Plaintiff and his abode without consent, without a warrant and absent exigent circumstances.

29. The unreasonable search and seizure caused the Plaintiff extreme emotional and physical trauma.

WHEREFORE Plaintiff, by and through his attorneys, The Manigat Law Group, requests judgment as follows against defendants, OFFICER WALSH OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO on each and every claim:

  A.  That defendants be required to pay plaintiff general damages, including emotional distress, in a sum $50,000.

  B.  That defendants be required to pay plaintiff special damages,

  C.  That defendant, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

  D.  That defendant, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

  E.  That defendants be required to pay plaintiff costs of the suit herein incurred, and

  F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

## COUNT III- 42 U.S.C. § 1983
## 4TH AMENDMENT – FALSE ARREST UNDER

30. Plaintiff restates and realleges all the statements made in paragraphs 10-21 of this Complaint as though fully set forth herein.

31. Plaintiff was arrested by Defendant Walsh.

32. There was no probable cause to arrest Plaintiff and it was done in violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

33. As a result of Defendants' actions, Plaintiff also suffered extreme emotional and physical trauma.

WHEREFORE Plaintiff, by and through his attorneys, The Manigat Law Group, requests judgment as follows against defendants, OFFICER WALSH OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO on each and every claim:

  A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum $50,000.

  B. That defendants be required to pay plaintiff special damages,

  C. That defendant, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

  D. That defendant, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

  E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

  F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER ILLINOIS LAW

34. Plaintiff restates and realleges all the statements made in paragraphs 10-21 of this Complaint as though fully set forth herein.

35. Defendant Walsh engaged in extreme and outrageous behavior against the Plaintiff.

36. The individual Defendant Walsh is also liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

37. Defendants' outrageous behavior directly caused the Plaintiff to suffer severe emotional distress including anxiety, fear, anger, and humiliation.

WHEREFORE Plaintiff, by and through his attorneys, The Manigat Law Group, requests judgment as follows against defendants, OFFICER WALSH OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO on each and every claim:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum $50,000.

    B.    That defendants be required to pay plaintiff special damages,

    C.    That defendant, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.    That defendant, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

## COUNT V
## MALICIOUS PROSECUTION UNDER ILLINOIS LAW

38. Plaintiff restates and realleges all the statements made in paragraphs 10-16 of this Complaint as though fully set forth herein.

39. Defendant Walsh commenced, continued or was the moving force of the original underlying criminal proceeding against Plaintiff where Defendant Walsh falsely complained that Plaintiff pushed him in his vest when he attempted to enter his home.

40. Plaintiff was found not guilty of the underlying charges

41. There was an absence of probable cause where Plaintiff did not resist arrest and Plaintiff did not batter Defendant Walsh

42. Defendant Walsh had malice in causing Plaintiff's prosecution where he was enraged at Plaintiff's protest concerning his illegal entry into Plaintiff's abode and where Defendant Walsh sought to cover up his own illegal activities.

43. This resulted in emotional injuries and mental trauma for standing trial under the threat of liberty loss. Plaintiff suffered a loss of time and money in defending against the charges.

WHEREFORE Plaintiff, by and through his attorneys, The Manigat Law Group, requests judgment as follows against defendants, OFFICER WALSH OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO on each and every claim:

    A.      That defendants be required to pay plaintiff general damages, including emotional distress, in a sum $50,000.

    B.      That defendants be required to pay plaintiff special damages,

    C.      That defendant, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.      That defendant, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.      That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F.      That plaintiff be granted such other and further relief as this Court may deem just and proper.

## COUNT VI - CLAIM UNDER 745 ILCS 10/9-102
## AGAINST DEFENDANT THE CITY OF CHICAGO

31. Plaintiff restates and realleges all the statements made in paragraphs 10-21 of this complaint as though fully set forth herein.

32. Defendant CITY OF CHICAGO was, at all times material to this Complaint, the employer of the individual defendant.

33. The individual defendant committed the acts alleged above in the scope of their employment as employees of Defendant CITY OF CHICAGO.

WHEREFORE Plaintiff, by and through his attorneys, The Manigat Law Group,, requests judgment as follows against defendants, OFFICER WALSH OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO on each and every claim:

    A.      That defendants be required to pay plaintiff general damages, including emotional distress, in a sum $300,000.

B. That defendants be required to pay plaintiff special damages,

C. That defendant, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

D. That defendant, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

E. That defendants be required to pay plaintiff costs of the suit herein incurred, and

F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: February 3, 2017 /s/ PENIEL MANIGAT
       Attorney for Defendant

Manigat Law Group
70 E. Lake, STE 540
Chicago, IL 60601
P: 312-217-3221
F: 312-801-5155
Email: manigatlawgroup@gmail.com