UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY BAILEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 898 |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| OFFICER MICHEAL P. WALSH and the CITY OF CHICAGO, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendants City of Chicago and Officer Michael Walsh's motion to dismiss Count IV of Plaintiff's complaint, alleging intentional infliction of emotional distress, for failure to state a claim upon which relief may be granted. For the reasons set forth below, we grant Defendants' motion, with prejudice.

## BACKGROUND

At the motion to dismiss stage, we accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). On October 5, 2015, Officer Walsh was searching for a suspect at a barbershop located at 5455 West Madison Street, Chicago, Illinois. (Compl. ¶ 11.) Officer Walsh exited the rear of the barbershop where Plaintiff's mobile home was located, and entered Plaintiff's home. (*Id.* ¶¶ 12–13.) Plaintiff objected to Officer Walsh searching his home and, after the search was unsuccessful, Officer Walsh became "furious, . . . kicked Plaintiff in his face, slammed him to the ground, and cuffed him." (*Id.* ¶ 14.) Plaintiff alleges that while he was handcuffed on the ground, Officer Walsh "beat him about his person, and subsequently struck

him in the face with his knee cap causing bleeding and bruising." (*Id.* ¶ 15.) According to Plaintiff, Officer Walsh then "fabricated police reports stating that Plaintiff had battered him and assaulted him," and those reports "were the moving force behind Plaintiff being criminally charged for battery, assault and resisting a peace officer." (*Id.* ¶ 19.) Plaintiff was found not guilty of those charges on November 30, 2016. (*Id.* ¶ 21.)

Plaintiff filed this action against Defendants on February 3, 2017, alleging 42 U.S.C. § 1983 claims for the use of excessive force, illegal entry, and false arrest, as well as Illinois state-law claims of intentional infliction of emotional distress and malicious prosecution, and a state-law indemnification claim against the City of Chicago. Defendants moved to dismiss Plaintiff's state-law intentional infliction of emotional distress claim on April 5, 2017. (Mot. (Dkt. No. 8).) Plaintiff did not file a response to the motion.[1]

## LEGAL STANDARD

Defendants' motion to dismiss for failure to state a claim upon which relief may be granted is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of the motion to dismiss is to test the sufficiency of the complaint, not decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (internal quotation marks omitted) (quoting *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). Dismissal pursuant to Rule 12(b)(6) is proper only if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *accord.*

---

[1] "A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture." *Rose v. Mystery Method, Inc.*, No. 7 C 5727, 2008 WL 723331, at *6 (N.D. Ill. March 14, 2008). Regardless of Plaintiff's forfeiture, we find his intentional infliction of emotional distress claim is time barred.

*Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65). That is, while the plaintiff need not plead "detailed factual allegations," the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

## ANALYSIS

Defendants argue that Plaintiff's state-law intentional infliction of emotional distress claim is barred by the one-year statute of limitations set out in the Illinois Tort Immunity Act, 745 ILCS 10/8–101(a). The Illinois Tort Immunity Act requires civil actions against local entities or their employees, such as the City of Chicago and Officer Walsh, be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8–101(a). In Illinois, "a cause of action for personal injuries accrues when the plaintiff suffers injury." *Golla v. General Motors Corp.*, 164 Ill. 2d 353, 360, 657 N.E.2d 894, 898 (Ill. 1995). Thus, "a claim for intentional infliction of emotional distress in the course of arrest . . . accrues on the date of the arrest." *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013) (applying Illinois law). Plaintiff's intentional infliction of emotion distress claim arises from the events that occurred during his arrest on October 5, 2015. Because Plaintiff did not file his intentional infliction of emotional distress claim until February 3, 2017, his claim is time-barred and we grant Defendants' motion to dismiss Count IV, with prejudice. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when

the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

## CONCLUSION

For the foregoing reasons, we grant Defendants' motion to dismiss Count IV of Plaintiff's complaint, with prejudice. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: June 2, 2017
 Chicago, Illinois